**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSEPH RAY RICE, | No. 15-55808 |
| Petitioner-Appellant, | D.C. No. 5:14-cv-02145-AB-RNB |
| v. | |
| W. L. MONTGOMERY, Acting Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted October 6, 2017
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**]
District Judge.

Petitioner-Appellant Joseph Ray Rice (Rice) appeals the district court's

denial of his petition for a writ of habeas corpus. Following a jury trial, Rice was

convicted of the first-degree murder of Delvon Williams (Williams). Rice

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

contends that his trial attorney provided constitutionally ineffective assistance of counsel when he failed to object to or limit inflammatory criminal history and gang-related evidence.

The California Court of Appeal's conclusion that trial counsel's alleged deficiencies did not prejudice the outcome of the proceedings was neither contrary to nor an unreasonable application of *Strickland*.[1]  *See* 28 U.S.C. § 2254(d)(1); *see also Harrington v. Richter*, 562 U.S. 86, 100-01 (2011). As the California Court of Appeal observed, Rice's identity as the man who shot Williams was not at issue during trial; rather, the question before the jury concerned only whether Rice's actions were premeditated.  As the Court of Appeal further noted, the challenged evidence related to "the street terrorism charge and gang enhancements," which were reversed.

At trial, the evidence established that while at a nightclub, Rice overheard Williams arguing with a friend of Rice's.  Rice became upset after hearing Williams state that Williams was a "Blood" and a "Piru," and that "he would handle his business."  Rice thought to himself, "F--- that," pulled out a gun, walked

---

[1] *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (explaining that to establish prejudice the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

over, and fatally shot Williams.

Unquestionably, extraneous, gang-related evidence should never have been presented to the jury. *See People v. Pettie*, 16 Cal. App. 5th 23, 44 (2017) ("Some gang evidence relating to defendants may be so extraordinarily prejudicial, and of so little relevance to guilt, that it threatens to sway the jury to convict regardless of the defendant's actual guilt.") (citation and internal quotation marks omitted). Nevertheless, given the evidence of Rice's reflection before committing the murder, *see People v. Mejia*, 211 Cal. App. 4th 586, 604 (2012), the California Court of Appeal properly concluded that "it [was] not reasonably probable, assuming the challenged evidence was inadmissible and, therefore, not introduced at trial, that the jury would have reached a result more favorable to [Rice] on the murder charge." Because the California Court of Appeal reasonably applied existing federal law when denying Rice's claim for ineffective assistance of counsel, habeas relief is unavailable. *See Harrington*, 562 U.S. at 101.

**AFFIRMED.**